FREDERICK VOLLMER, JR., ET AL., RELATORS, v. AUGUST
WACHLIN, RESPONDENT.

Argued November 8, 1916—Decided December 21, 1916.

At an election held in a municipality to determine whether it would
adopt an act providing for a different form of government, a
majority of the votes cast favored the adoption but the act only
became operative if the votes cast in favor of the act equaled
at least thirty per centum of the total number of legal ballots
cast in the municipality at the last general election for members
of assembly. The votes cast in favor of the adoption did not
equal the thirty per centum required, so that the act did not
become operative. The statute further provided that if a majority
of the votes cast were not in favor of the act then it should re-
main inoperative and no further proceedings should be taken until
after the beginning of the last year of the term of the mayor
elected following the rejection of the act, after which another
election could be had. *Held*, that where a majority of the votes
were cast in favor of the adoption of the act, it did not become
operative because it failed to receive the thirty per centum of
the votes cast at the last general election, the limitation concern-
ing another election did not apply because that condition is only
applicable when a majority of the votes are not cast in favor of
the adoption.

On demurrer to alternative writ of *mandamus*.

Before Justices GARRISON, PARKER and BERGEN.

For the relators, *George J. McEwan.*

For the respondent, *John J. Fallon.*

The opinion of the court was delivered by

BERGEN, J. The question presented requires the construc-
tion of an act entitled "An act relating to, regulating and
providing for the government of cities, towns, townships,
boroughs, villages and municipalities governed by boards of
commissioners or improvement commissions in this state," as
amended in 1915. *Pamph. L., p. 12.*

Under this statute an election was held in the town of West Hoboken to determine whether it would adopt it, and at that election a majority of the votes cast favored the adoption, but the number cast in its favor did not equal at least thirty per centum of the total number of legal ballots cast in such town at the last general election for members of assembly, immediately preceding the submission of the act. Thereupon a new petition was prepared and presented to the clerk of the town who refused to receive and file the same or to call another election, and the relators applied for and were allowed an alternative writ of *mandamus* requiring the respondent as town clerk to accept and file the petition, and to forthwith call another election for the same purpose, or show cause to the contrary.

The return made by the respondent to this writ set up such former election and that the act failed of adoption, although it received more than a majority of those voting at the election, because the votes cast in its favor did not equal at least thirty per centum of the total number of legal ballots cast at the last general election for members of assembly, and therefore no other election could be called until after the beginning of the last year of the term of the mayor elected at the election following the first election under this act. The relators now move to strike out the return, but it was consented to by both sides on the argument that the matter be disposed of as if on demurrer to the return, that being conceded to be the proper practice, and counsel also waived all questions but this, viz., does the statute prevent the holding of another election forthwith, or at any time, earlier than it could be held if a majority had voted against the adoption of the act?

The answer to this question depends upon the construction to be given to section 18 of the statute which provides that the act shall take effect immediately, but its provisions remain inoperative until assented to by a majority of the legal voters of the municipality voting at an election, to be held therein, called by the municipal clerk upon the petition in writing of twenty per centum of the persons qualified to vote at the

last general election; that the results of any election so held shall be reported by the election officers to the municipal clerk, whose duty it is to certify such results to the legislative body of such municipality, the same to be entered in the minutes of such body and certified by the clerk to the secretary of state, whereupon, if it appears by the said certificate of the municipal clerk "that the majority of the votes cast are in favor of the adoption of this act, this act shall in all respects become and be operative in such city, and binding upon the inhabitants thereof and upon all persons and property to be affected thereby; provided, however, that the votes cast in favor of the adoption of this act be equal to at least thirty per centum of the total number of legal ballots cast in such city at the last general election for members of assembly immediately preceding the submission of this act."

The statute further provides, "If a majority of the votes cast are not in favor of the adoption of this act, then the provisions of this act shall remain inoperative and no further proceedings shall be taken until after the beginning of the last year of the term of the mayor, or equivalent officer, elected at the election following the rejection of this act, after which date, upon the presentation of another petition or request, as provided for herein, the same procedure shall be had and the question of the adoption or rejection of the provisions of this act again submitted in the manner herein set forth with the same force and effect."

Under the plain language of this statute the limitation is only applicable when a majority of the votes cast are not in favor of the adoption of the act, and except for this there is no limitation upon the time within which another election may be called.

In the present case a majority of the votes were cast in favor of the adoption of the act, and there is nothing in the statute which limits the holding of another election, when a majority of the votes are cast in favor of the adoption of the act. The statute does not apply the limitation relating to a second election simply because the result prevents the statute from becoming operative because of the failure of the

attendance of a sufficient number of favorable voters to equal thirty per cent. of those cast at the next prior election for members of the general assembly. All that the statute provides is that if a majority of the votes cast are not favorable to the adoption of the act, then no further proceedings shall be taken until the expiration of the time fixed. The limitation applies when the votes cast in favor of the adoption are not a majority of all those voting, and not where the act remains inoperative because the votes cast in its favor do not equal the required thirty per centum.

The demurrer should be overruled and the relator awarded a peremptory writ of *mandamus.* As the respondent is a city officer, and the question whether the municipality he represented should be put to the expense of another election, raised a fair ground of controversy, we think that no costs should be allowed to the relator.